UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EDDIE HAYES, et al.,

                Plaintiffs,

v.                                         Case No. 12-15502

GREEKTOWN CASINO, L.L.C., et al.,     HON. TERRENCE G. BERG
                                                 HON. R. STEVEN WHALEN

                Defendants.
_____/

**ORDER DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
AND DENYING WITHOUT PREJUDICE
PLAINTIFFS' MOTION TO CERTIFY CLASS**

This matter is before the Court on Defendants' motion for summary judgment of August 9, 2013 (Dkt. 20). The parties have fully briefed the motion, and oral argument was heard on October 21, 2013. Plaintiffs have also filed a motion to conditionally certify a Fair Labor Standards Act collective action. This motion is rendered moot by the Court's resolution of the motion for summary judgment.

For the reasons set forth below, Defendants' motion (Dkt. 20) is DENIED, and Plaintiffs' motion to conditionally certify a Fair Labor Standards Act collective action (Dkt. 11) is DENIED WITHOUT PREJUDICE.

### I.  FACTUAL BACKGROUND

Plaintiffs are current and former security officers who were employed by Defendant Greektown Casino. (Am. Compl. ¶ 4, Dkt. 6.) They filed this case on December 17, 2012, alleging that Defendants violated the Fair Labor Standards Act "by failing and refusing to provide Plaintiff employees and other similarly situation

[sic] employees the overtime compensation due them under the [Act] and its implementing regulations." (*Id.* ¶ 21.) Defendants have now moved for summary judgment as to liability based on "the affirmative defense of set-off." (Dkt. 20.)

The Parties have stipulated that the following facts are not disputed for the purpose of Defendants' motion:

1. Plaintiffs are or were employed as Security Officers by Greektown.
2. Plaintiffs are employees within the meaning of Section 203(e) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 203(e).
3. Defendant is an employer as that term is defined in Section 203(d) of the FLSA, 29 U.S.C. § 203(d).
4. Greektown's Security Officers are members of a bargaining unit represented for purposes of collective bargaining by the International Union, Security, Police and Fire Professionals of America ("SPFPA").
5. The terms and conditions of Greektown's Security Officers' employment are covered by a collective bargaining agreement ("CBA") between SPFPA and Greektown.
6. SPFPA and Greektown entered in a CBA, effective June 13, 2008 through June 13, 2012 ("2008 CBA") and a successor CBA, effective June 14, 2012 through June 15, 2016 ("2012 CBA"). Unless stated otherwise, reference to "CBA" in these Stipulated Facts for Cross Motions for Summary Judgment as to Liability Based on Defendant's Affirmative Defense of Set-Off" refers to both the 2008 and 2012 CBAs.
7. Article 12.1 of the CBA defines full-time Security Officers as ones who "regularly work thirty-two hours or more in a work week."
8. The "work week" at Greektown is Monday through Sunday.
9. Full-time Security Officers are generally scheduled to work five shifts per work week.
10. A shift is normally eight consecutive hours.

11. From at least June 13, 2008 through May 3, 2012, Greektown required Security Officers to attend a mandatory, pre-shift roll call each work day.
12. Plaintiffs allege that each mandatory pre-shift roll call lasted fifteen minutes.
13. Plaintiffs allege that Security Officers were not compensated for attending the fifteen minute pre-shift roll call.
14. Plaintiffs allege that Security Officers spent approximately seven to ten minutes prior to each shift collecting equipment necessary to perform their job.
15. Plaintiffs allege that Security Officers spent approximately seven to ten minutes after each shift, returning equipment necessary to perform their job.
16. Plaintiffs allege that Security Officers were not compensated for the time spent collecting and returning equipment necessary to perform their job.
17. According to Plaintiffs, equipment necessary to perform their job includes a radio, keys and a wand.
18. Although the manufacturer and model of the radio used by Security Officers has changed during the relevant . . . period, the radios have all had a range of at least a half mile.
19. Other than the above allegations regarding the time Security Officers spent attending the pre-shift roll call and collecting and returning equipment, the parties agree that Security Officers were paid for all hours worked.
20. Article 20.1 of the CBA states that Security Officers "will receive two thirty minute breaks, one generally given in the first part of the shift, one given in the second part of the shift." Security Officers are compensated for the two thirty[-]minute breaks at their regular hourly rate of pay.

3

21. Article 20.2 of the CBA states that "If an Officer loses break/lunchtime to perform security duties the lost time will be made up in a reasonable time, subject to business needs."
22. Side Letter #1, Article 20 Lunch Relief, of the CBA states that, "the parties agree that in cases where a [Security Officer] returns late from his/her break or meal period and can verifiably demonstrate that the delay was a result of assisting a guest, no disciplinary action (including issuing points) is appropriate."
23. Security Officers are entitled to file a grievance under the CBA to protest any failure on the part of Greektown to grant additional time off to make up for any interrupted or missed break.
24. A thirty[-]minute break period is commenced by a call between a Security Officer and a Dispatcher, who is a member of the SPFPA.
25. A thirty[-]minute break period may also be commenced via a call to a Security Officer referred to as a "Breaker."
26. The Dispatcher, after a call for the commencement of a thirty[-]minute break period, will then make an entry of that fact, and the time of the call, in a log sheet.
27. Any Security Officer, including the "Breaker," who has just taken a thirty[-]minute break period is to notify a Dispatcher upon the conclusion of the thirty[-]minute break period that the thirty[-]minute break period is ending.
28. The Dispatcher, upon receipt of a call at the end of a break period is to make an entry in a log sheet reflecting that fact, and the time of the call.
29. The procedure described above for a thirty[-]minute break period is also followed any time a Security Officer leaves and returns to his or her post (e.g., bathroom break).
30. Log-ins are recorded by Dispatchers in good faith and as accurately as possible.

31. All grievances by Security Officers, pursuant to the CBA, alleging that Greektown failed to provide a break or to make up lost break time, were resolved.

32. During their thirty[-]minute breaks, Security Officers are permitted to the following, if they so desire:
    a. Eat and drink in designated areas.
    b. Leave Greektown's property, with management permission, provided that they stay within radio range so that they can respond to an emergency call if necessary.
    c. Play cards.
    d. Smoke in designated smoking areas.
    e. Make personal phone calls.
    f. Listen to music on a mobile phone, portable digital music player or other device with earphones.
    g. Watch television in the V.I.P. and other break rooms.
    h. Use their smartphone, laptop, tablet or other portable mobile device, to send and receive emails and text messages, to access social media sites and to browse the Internet.
    i. Shop on-line.
    j. Conduct on-line banking.
    k. Read.
    l. Socialize with others in the smoking area, V.I.P., break rooms, or outside the facility.
    m. Access their personal vehicle.

33. If a thirty[-]minute break is interrupted or lost by a request that Security Officer attend to a necessary work tasks, the Dispatcher is to make an entry in the record to that effect, reflecting the amount of time of any such interruption.

(Dkt. 19) (wholly redundant parentheticals omitted).

## II. LEGAL STANDARD

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A moving party may meet that burden "by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). "As the moving parties, the defendants have the initial burden to show that there is an absence of evidence to support [plaintiffs'] case." *Selby v. Caruso*, 734 F.3d 554, 559 (6th Cir. 2013). Once the moving party has met its burden, the non-moving party "'may not rest upon its mere allegations or denials of the adverse party's pleadings, but rather must set forth specific facts showing that there is a genuine issue for trial.'" *Ellington v. City of E. Cleveland*, 689 F.3d 549, 552 (6th Cir. 2012) (citing *Moldowan v. City of Warren*, 578 F.3d 351, 374 (6th Cir. 2009)).

## III. ANALYSIS

As the movants, Defendants must show that there is no dispute as to any material fact. In view of the stipulated facts, the inferences from those facts, and the allegations of the parties, the Court finds that there is a genuine issue that remains for trial. Accordingly, summary judgment is not appropriate at this time.

**A.    The Affirmative Defense of Set-Off.**

The undisputed facts show that Plaintiffs' paid break-time exceeded the amount of Plaintiffs' claimed compensable time for which they were not paid. (Facts 11–16,

20–33.) Specifically, Plaintiffs' two paid 30-minute breaks, amounting to 60 minutes per day, adds up to more paid "time-off" than Plaintiffs' daily unpaid "work" derived from their daily 15-minute mandatory pre-shift briefings, plus their approximately 20-minute daily periods needed to collect and return their equipment, which adds up to 35 minutes per day. Defendants' motion is based entirely on one argument: "under well-established case law, an employer . . . may set-off paid break time against unpaid compensable time, where, as here, the FLSA did not require the break time to be compensated." (Dkt. 20 at 9.) Plaintiffs argue that there is no binding case finding that an employer may offset paid break-time against unpaid compensable time when the Fair Labor Standards Act does not require the break-time to be paid, and further argues that their paid break time was in fact compensable time. (Dkt. 25 at 7–8.) Thus, the questions before the Court are: (1) whether Plaintiffs' paid breaks are compensable time (if the paid breaks are compensable, then they clearly cannot be used to offset the failure to pay for other work time which is compensable); and (2) if Plaintiffs' paid breaks are not compensable time, are the Defendants correct that the paid break time may be used to offset unpaid compensable time?

> 1. *The record does not contain sufficient facts to allow a conclusion as to whether the Plaintiffs' break-time was properly compensable or not under the FSLA.*

The parties agree that "[t]he standard in the Sixth Circuit for determining whether breaks that are 30 minutes or longer are compensable was set forth in *Hill v. United States* . . .": "'As long as the employee can pursue his or her mealtime

adequately and comfortably, is not engaged in the performance of any substantial duties, and does not spend time predominantly for the employer's benefit, the employee is relieved of duty and is not entitled to compensation under the FLSA.'" (Dkt. 20 at 15 (quoting *Hill v. United States*, 751 F.2d 810, 814 (6th Cir. 1984); *accord* Dkt. 25 at 7.) The parties, of course, disagree whether the Plaintiffs' breaks meet this standard.

Defendants argue that Plaintiffs are "'substantially' relieved of their duties" and do not spend "their two 30-minute paid breaks 'predominately' for Greektown's benefit," because the undisputed facts show that they "do not have any work-related duties" during the breaks and are free to spend that time at their leisure. (Dkt. 20 at 16–17 (listing the activities compiled in Fact 32).) Plaintiffs respond by noting that their breaks are time spent predominantly for the benefit of Greektown, explaining that they: "are expected to respond to calls over the radio"; "must remain within a half-mile radius . . . to stay within radio range"; "must garner permission from a supervisor before they may leave the premises" and that there is nothing in the record that indicates how often permission to leave the premises is granted, if it ever is. (Dkt. 25 at 8.) They further note that there are "instances in which the subject break times are interrupted . . . to respond to calls to duty." (*Id.*)

Defendants argue that the undisputed facts, particularly Facts 19, 21–23, 31, and 32, preclude Plaintiffs' argument about interruptions and mid-break calls to duty. The Court disagrees. The undisputed fact that Plaintiffs were "paid for all hours worked" other than the time spent in roll-call and collecting and returning

8

equipment (Fact 19), does not preclude Plaintiffs from attesting that they were called away from breaks and that the lost break-time was not made up. The breaks were paid-time, thus it is not inconsistent to say that they were "paid for all hours worked" except for the disputed time. Further, the fact that there were procedures in place to make up lost break-time does not preclude Plaintiffs from arguing that the break-time was nevertheless not primarily for their benefit, and the facts do not show that Plaintiffs' were required to file a grievance if they lost break-time.[1]

There is, therefore, a disputed issue of fact as to the extent of Plaintiffs' freedom during their breaks, particularly as to the frequency of calls to duty during breaks and the consistency with which those interruptions were made up for by additional break time. These disputes involve issues of material fact because they affect both (1) whether the breaks were primarily for the benefit of the employer, and (2) the amount of "break time" that was truly time for which compensation was given but not required. For these reasons, summary judgment is not appropriate at this time.

> 2. *The Court does not now decide whether the law permits Defendants to offset the alleged unpaid work time with paid break-time.*

Because the Court has concluded that summary judgment is not appropriate at this time due to a dispute as to material facts, the Court will not reach the question of whether, as a matter of law, Defendant is entitled to offset Plaintiffs' unpaid, but compensable, work time against Plaintiff's paid break-time. The Court does note that Defendants arguments as to set-off are well taken, and Plaintiffs have not

---

[1] The stipulated fact that all grievances related to break-time were resolved (Fact 31) does not resolve this issue. First, because it does not indicate how any grievances were resolved, and second, because Plaintiffs' were not required to file a grievance for lost or interrupted break-time.

offered any argument or citation against it. The cases cited by Defendants, particularly *Agner v. United States*, 8 Cl. Ct. 635 (1985), and *Barefield v. Village of Winnetka*, 81 F.3d 704 (7th Cir. 1996), are persuasive but not binding. Given that resolving this question is not necessary to resolve this motion, the Court finds that further briefing at a later time would be appropriate.

**B.     Plaintiffs' Motion to Certify a Class.**

Because questions of fact remain as to whether the Plaintiffs' breaks were paid time that could be used to offset other unpaid time, and a question of law remains as to whether a set-off of that nature is permitted under the law, Plaintiffs' pending motion to conditionally certify a Fair Labor Standards Act collective action (Dkt. 11) is denied without prejudice. In the event the Court finds that paid break-time can be used to offset unpaid compensable time, the possible members of the potential class will likely change depending on which potential class members can establish that their breaks were interfered with to a significant enough degree that their break-times were predominately for Greektown's benefit.

## IV.     CONCLUSION

For the reasons set forth above, it is ORDERED that Defendants' motion for summary judgment (Dkt. 20) is DENIED. It is FURTHER ORDERED that Plaintiffs' motion to conditionally certify a Fair Labor Standards Act collective action (Dkt. 11) is DENIED WITHOUT PREJUDICE.

                              s/Terrence G. Berg
                              TERRENCE G. BERG
Dated: March 31, 2014         UNITED STATES DISTRICT JUDGE

**Certificate of Service**

I hereby certify that this Order was electronically submitted on March 31, 2014, using the CM/ECF system, which will send notification to each party.

By: s/A. Chubb<br>Case Manager